IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01092-OES

NEMO JOSEPH BOAGLIO, II,

    Plaintiff,

v.

MZ. [sic] JUDY BURNES SCHMIDT, and
MR. AND MRS. DONALD GREENING,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Nemo Joseph Boaglio, II, has submitted to the Court *pro se* an amended complaint. Mr. Boaglio contends that Defendants are liable for damage to his 1993 Toyota Tercel. Apparently, he specifically contends Defendant Judy Barnes Schmidt negligently damaged the automobile. Mr. Boaglio has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005).

The Court must construe the amended complaint liberally because Mr. Boaglio is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Boaglio will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and finds that it is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules

of Civil Procedure. A complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Boaglio has failed to make clear the grounds upon which the court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). Mr. Boaglio also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing his claims clearly and succinctly, Mr. Boaglio makes vague allegations concerning damage to his automobile. In addition, it is not clear to the court why Mr. Boaglio is suing Mr. and Mrs. Donald Greening.

Mr. Boaglio apparently expects the Court to sift through his allegations and

attachments to determine his claims. That is not the Court's job. It is Mr. Boaglio's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the Defendants nor the Court is required to do this work for him.

Mr. Boaglio's amended complaint is deficient and subject to dismissal. Although the amended complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Boaglio should be given an opportunity to file a second amended complaint that clarifies the claims for relief he is asserting. The second amended complaint must stand on its own and not refer to or incorporate by reference either the original complaint or the amended complaint. Each claim must be supported with specific factual allegations that demonstrate how the particular defendant or defendants violated Mr. Boaglio's rights. He will be directed to submit a second amended complaint below. Accordingly, it is

ORDERED that Mr. Boaglio file **within thirty (30) days from the date of this order**, an original and a copy of a second amended complaint that clarifies the claims for relief he is asserting. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint" and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Boaglio, together with a copy of this order, two copies of the following form to be used to submit the second amended complaint: Complaint. It is

FURTHER ORDERED that Mr. Boaglio submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Boaglio fails to file, **within thirty (30) days from the date of this order**, an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction, the amended complaint and the action will be dismissed without further notice. It is

DATED at Denver, Colorado, this 1 day of July, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01092-OES

Nemo J. Boaglio
1255 Galapago St., #415
Denver, CO 80204

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 7-1-05.

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk